# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **THE BANK OF NEW YORK-MELLON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 C 4400 |
| | ) | |
| **SCOTT WALLIS**, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| In the matter of the motion for sanctions | ) | |
| against the **UNITED STATES ATTORNEY**, | ) | |
| and Assistant United States Attorney | ) | |
| **JOEL R. NATHAN**. | ) | |

## MEMORANDUM OPINION AND ORDER

On June 27, 2014 this action came on for hearing on the motion by third-party defendant Hauselman, Rappin & Olswang, Ltd. ("Hauselman Firm") for that law firm's dismissal from the Third-Party Complaint brought against it and other third-party defendants by defendant Scott Wallis ("Wallis") in this state court mortgage foreclosure action. But because this action had found its way to this Court's calendar through a Notice of Removal ("Notice") brought by the United States -- whose United States Attorney Zachary Fardon and Assistant United States Attorney Joel R. Nathan are separate targets of Wallis' -- and because that sole predicate for federal jurisdiction will call for remand to the state court of origin if the United States is successful, this Court did not address the Hauselman Firm's motion.

What this Court devoted itself to instead during the June 27 hearing were some problematic aspects of Wallis' purported predicates for escaping the removal proceedings unharmed. Thus he has advanced, for example, a wholly frivolous insistence that this Court lacks subject matter jurisdiction, just one manifestation of Wallis' obvious (and obviously

mistaken) mindset that he possesses superior knowledge as to every principle of federal jurisprudence applicable to the current proceedings.

Although this Court sought to get some home truths communicated to Wallis orally so that he could go about doing battle on the underlying foreclosure action in the Circuit Court of Kane County where it belonged, it has ultimately determined that Wallis' perspective (essentially "don't bother me with the facts -- or law -- because my mind is already made up") calls for requiring him to respond in writing in connection with the removal. Accordingly it set July 3, 2014 as a continued date for this action, expecting to establish at that time an appropriate schedule for further proceedings in the case. But because nonlawyer Wallis may well not have understood or appreciated some of the points made by this Court in its oral remarks on June 27, this threshold opinion is issued to draw his attention to some fundamental truths and also to serve as a cautionary shot across the bow.

As this Court pointed out to Wallis orally on June 27, the United States' Notice of Removal brought the action to this federal district court without any previous filings having been made by Wallis here. Because Fed. R. Civ. P. 11(b), with its imposition on both lawyers and pro se litigants of the obligation to exercise both subjective and objective good faith, is limited to all <u>federal</u> filings, the potential sanctions contemplated in Rule 11(c) cannot literally come into play as to any earlier <u>state</u> <u>court</u> filings by Wallis that would have failed to meet the standards of Rule 11(b). But Wallis should be keenly aware that no such insulation will attach to any written response that he will be obligated to make in this district court. And on that score a few cautionary comments are in order.

First, 28 U.S.C. § 1442(a)[1] creates an absolute entitlement to removal by the United States where, as here, it or any of its officers or agents is targeted in a state court action (and that is precisely what Wallis has done in this case). Such removal does not require the joinder or consent of other defendants, as is called for under general removal statute Section 1446(a).[2]

Moreover, the invocation of either or both of Sections 1442(a) and 2679(b)(2) operates to remove the entire case to this District Court, not merely a snippet that implicates only a motion to obtain relief limited to the United States or its officers or agents. That important jurisdictional fact is confirmed both by the literal statutory language and by relevant caselaw -- see, e.g., Dillon v. Miss. Military Dep't, 23 F.3d 915, 918-19 (5th Cir. 1994) and cases cited there, and see generally 16 Moore's Federal Practice § 107.15[1][b][v]. In sum, as stated earlier, Wallis' notions that federal jurisdiction is lacking here, or that he is not subject to that jurisdiction, are dead wrong.

In closing it should be emphasized that this opinion does not purport to deal with all of the flaws in Wallis' combative efforts in the underlying proceeding -- this Court spoke to a number of those matters orally during the course of the June 27 motion call, but it plans to address matters more formally when Wallis files his response that by this Court anticipates ordering. In the latter respect, on June 27 Wallis expressed concern as to his possible inability to

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

[2] Those same principles would apply to a removal pursuant to Section 2679(b)(2) if the targeted federal individuals were to have taken separate steps under that statute to initiate or to join in the removal (though this Court does not view any such steps are necessary in the posture of this case).

respond because he is among the restricted filers designated by orders of this District Court's Executive Committee.

But this Court has obtained and read a copy of the November 9, 2012 Executive Committee Order that gave rise to Wallis' concern. Unsurprisingly Wallis is again mistaken -- that Order simply enjoins him "from filing any new civil action or proceeding in the United States District Court for the Northern District of Illinois without first obtaining leave" in the manner described there. <u>Nothing</u> in that Order limits his ability to respond to the matters raised by the United States' Notice.[3]

                                                                       _____
                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date: June 30, 2014

---

[3] Relatedly this Court has also reviewed the 200+ page Petition for Writ of Certiorari (that page count includes all of the bulky exhibits to his Petition) that Wallis provided to this Court at the conclusion of the June 27 hearing, in which he has raised -- in another case -- the validity of certain constraints imposed on his court filings. Again unsurprisingly, that certiorari petition and that other case have nothing at all to do with this case.